**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 14 2014, 10:02 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**THOMAS W. VANES**
Merrillville, Indiana

**MARK A. BATES**
Office of the Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DONALD W. ESCO, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 45A03-1304-CR-138 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas P. Stefaniak, Jr., Judge
Cause No. 45G04-1107-FA-30

**February 14, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Donald Warren Esco brings an interlocutory appeal of the denial of his motion to suppress. Esco presents the following consolidated and restated issue for review: Did the search warrant become stale and, therefore, invalid because of the passage of eight days from issuance and eleven days from the controlled buy giving rise to probable cause for the warrant?

We affirm.

On June 24, 2011, Gary Police Detective Willie McLemore arranged a controlled drug transaction between a confidential informant and Esco. At McLemore's direction, the informant made a phone call to arrange the purchase of $60 worth of crack cocaine at the home where Esco resided.[1] The informant then drove to this residence and was admitted entry after knocking on a rear door. After a brief conversation with individuals in the home, the informant met with Esco in the living room for the drug transaction. The informant provided the buy money to Esco and, after going into another room, Esco returned and handed the informant 1.7 grams of crack cocaine. The informant wore an audio/video recording device throughout the controlled buy, allowing constant police surveillance.

Thereafter, on Monday morning, June 27, 2011, Detective McLemore obtained a search warrant for the target residence. The warrant authorized a search of this home for crack cocaine and anything related to the operation of an illegal drug trafficking operation, as well as a search of Esco's person. The warrant expressly required that the search occur by July 6, 2011.

---

[1] The informant had also previously resided at this residence several months earlier.

2

Officers executed the warrant on July 5, 2011, while Esco was inside the residence. Among other things, the officers seized approximately 98 grams of crack cocaine, money, a scale, a box of sandwich bags, marijuana, and firearms. As a result of the search, the State charged Esco with class A felony dealing in cocaine, class C felony possession of cocaine, and class A misdemeanor possession of marijuana.

Esco later filed a motion to suppress all evidence obtained during the search. Following a hearing, the trial court denied the motion on February 11, 2013. Upon Esco's motion, the trial court certified its suppression ruling for interlocutory appeal. This court accepted jurisdiction on May 28, 2013. Additional facts will be provided below as needed.

Esco's sole argument on appeal is that the search warrant became stale at some point during the eight days that police waited to execute it.[2] Thus, he contends the trial court abused its discretion when it denied his motion to suppress. A trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances before it. *Montgomery v. State*, 904 N.E.2d 374 (Ind. Ct. App. 2009), *trans. denied*. Upon review of the denial of a motion to suppress, we do not reweigh the evidence, and we consider conflicting evidence in a light most favorable to the trial court's ruling. *Webster v. State*, 908 N.E.2d 289 (Ind. Ct. App. 2009), *trans. denied*. We also consider any uncontested evidence favorable to the defendant. *Id.*

---

[2] Although raised below, Esco does not challenge on appeal the trial court's determination that sufficient probable cause existed for issuance of the search warrant.

Ind. Code Ann. § 35-33-5-7(b) (West, Westlaw current through 2013 1st Regular Sess. & 1st Regular Technical Sess.) sets an outer limit of time for execution of a search warrant: "search warrant must be…executed not more than ten (10) days after the date of issuance". Despite this statutory limitation, a search warrant may go stale, making a search constitutionally impermissible, prior to the tenth day depending on the particular circumstances of the case. *See Huffines v. State*, 739 N.E.2d 1093, 1095 (Ind. Ct. App. 2000) ("the fact that the search did not violate the statue does not address Huffines' separate constitutional arguments"), *trans. denied*.

In *Huffines*, the defendant moved to suppress evidence that had been collected from his home pursuant to a search warrant that, like the instant case, was issued three days after a controlled buy and executed eight days after issuance. The defendant argued that the probable cause to search was based on a single controlled buy and that the probable cause dissipated during the eleven-day period leading up to the search. We agreed with the defendant.

Probable cause is a fair probability that evidence of a crime will be found in the specific location to be searched and is determined by considering the totality of the circumstances. *Huffines v. State*, 739 N.E.2d 1093. Once a warrant issues, a delay in execution of the warrant may render stale the probable cause finding. *Id.* Factors that may be considered in determining whether probable cause has dissipated include the amount of time since the warrant was issued, the nature of the criminal activity, and the type of property subject to the search. *Id.*

4

The initial probable cause determination upon which the warrant issued in *Huffines* was based on a one-time controlled buy of crack cocaine at the defendant's residence. We observed that the State presented no evidence at the suppression hearing that police conducted surveillance of the residence between the time the warrant issued and when it was executed eight days later. Further, the State failed to present any evidence indicating ongoing drug activity. Based upon the specific circumstances of the case, we held: "the State has failed to demonstrate that continuing criminal activity was suspected and corroborated. As such, probable cause dissipated in the eight days that lapsed between the time of the warrant's issuance and the search of Huffines' home." *Id*. at 1097. Accordingly, we concluded that the search violated both the United States and the Indiana constitutions.[3]

Esco argues that the facts of the instant case are on par with those in *Huffines*. Certainly, the location of the search (a residence) and the period of delay are precisely the same. The respective warrants were also both issued based on a one-time controlled buy of crack cocaine. Esco, however, ignores a significant distinction. The record before us indicates evidence of ongoing drug activity at Esco's residence. Detective McLemore testified at the suppression hearing that he had been investigating Esco "for quite some time" and had conducted a "series of buys" (specifically, three or four recorded controlled buys) between Esco and the informant. *Transcript* at 16 and 38. Further, a document signed by

---

[3] The State asks that we find, as a matter of first impression, that a warrant executed within the ten-day statutory period is presumed to retain the probable cause attributed to it by the issuing magistrate, subject to a contrary evidentiary showing by the defendant. We observe that the State did not raise this argument below. Moreover, we would reach the same result in this case regardless of whether the proposed presumption is applied.

Detective McLemore and included with the application for the search warrant indicated that the informant "had made crack cocaine *purchases* from inside the [target] residence." *Exhibits Volume* at Attachment "B" to Search Warrant (emphasis supplied). In light of the evidence of repeated drug sales by Esco out of his residence, we conclude that the trial court did not abuse its discretion by determining that probable cause still existed when the warrant was executed. Accordingly, the trial court did not err in denying Esco's motion to suppress.

Judgment affirmed.

KIRSCH, J., and BAILEY, J., concur.